# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC., ELSEVIER INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., and MCGRAW HILL LLC, | **Civil Action No.** |
| Plaintiffs, | **COMPLAINT FOR:** |
| v. | **1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*); and** |
| DOES 1 - 39 d/b/a ABOOKS.ORG, AIRBOOKS.ORG, AUDIOBOOKSBOOKSHOP.COM, AZ-TESTBANK.COM, BUY-TEST-BANK.ORG, COURSESEXAMS.COM, DOWNLOADAID.COM, EBOOKCLEAR.COM, EASYTAXEXAM.COM, EAZYQUIZ.COM, EDUWORKLAB.COM, FINDTESTBANK.COM, GLORIA-SOLUTION-MANUAL.COM, GROWMYGRADE.COM, HOMEWORKMERIT.COM, ISMTESTBANK.COM, JOYCEBROS.COM, LOVETESTBANK.COM, MAXOOP.COM, NURSINGTB.COM, RESOURCESFORINSTRUCTORS.COM, TEACHINGRESOURCESHUB.COM, SOLUTIONEXAM.COM, STAEQUIZ.COM, TBZUIQE.COM, STUDENTS-CENTER.COM, TEACHINGRESOURCESSTORE.COM, TEST2020BANK.COM, TESTANDSOLUTION.COM, TESTBANKBLOCK.COM, TESTBANKEXAM.COM, TESTBANKRUSH.COM, TESTBANKSCORE.COM, TESTBANKSOLUTIONMANUAL01.COM, TESTBANKSONLINE.COM, TESTBANKSUCCESS.COM, TESTBANKTOWN.COM, TESTBANKWORLD.BLOGSPOT.COM, TESTTHEBANK.COM, THETESTBANK.ORG, TUTORSECTION.COM, and VAROKEE.COM, | **2. TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)** <br><br> **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiffs Pearson Education, Inc. ("Pearson"), Elsevier Inc. ("Elsevier"), Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning ("Macmillan Learning"), Cengage Learning, Inc. ("Cengage"), and McGraw Hill LLC ("McGraw Hill") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby file their Complaint against Defendants Does 1 – 39 (collectively, "Defendants"), doing business as, respectively, abooks.org, airbooks.org, audiobooksbookshop.com, az-testbank.com, buy-test-bank.org, coursesexams.com, downloadaid.com and ebookclear.com, easytaxexam.com, eazyquiz.com, eduworklab.com, findtestbank.com, gloria-solution-manual.com, growmygrade.com, homeworkmerit.com, ismtestbank.com, joycebros.com, lovetestbank.com, maxoop.com, nursingtb.com, resourcesforinstructors.com and teachingresourceshub.com, solutionexam.com, staequiz.com and tbzuiqe.com, students-center.com, teachingresourcesstore.com, test2020bank.com, testandsolution.com, testbankblock.com, testbankexam.com, testbankrush.com, testbankscore.com, testbanksolutionmanual01.com, testbanksonline.com, testbanksuccess.com, testbanktown.com, testbankworld.blogspot.com, testthebank.com, thetestbank.org, tutorsection.com, and varokee.com (the "Infringing Sites" or "Sites"). Plaintiffs allege as follows on personal knowledge as to matters relating to themselves and on information and belief as to all other matters.

**NATURE OF THE CASE**

1.      Plaintiffs are providers of higher education textbooks and tailored learning solutions in the United States. In the academic marketplace, Plaintiffs serve secondary, post-secondary, and graduate-level students, teachers, and/or learning institutions, providing quality content and assessment material in physical, digital, and multi-media formats. Each year, they publish thousands of educational works, including textbooks and corresponding test banks and instructor

solutions manuals ("ISMs").

2.      Defendants are scofflaws.  Defendants own, control, and/or operate multiple illegal websites that are devoted to copyright and trademark infringement, in violation of Plaintiffs' intellectual property rights.  Without any authorization or license to do so, Defendants knowingly and intentionally reproduce Plaintiffs' test banks, ISMs, and/or textbooks, which are protected by U.S. copyright registrations, and sell and distribute those new copies to students throughout the United States for their own profit and to facilitate cheating.

3.      Also, without any authorization or license to do so, certain Defendants knowingly and intentionally use identical or substantially indistinguishable reproductions of Plaintiffs' federally registered trademarks in connection with the sale, offering for sale, and/or distribution of infringing copies of Plaintiffs' works.

4.      Defendants' infringing activity causes financial and reputational harm to Plaintiffs and undermines the academic process.  Plaintiffs bring this action for equitable relief and damages to stop and seek redress for Defendants' willful copyright and trademark infringement.

## PARTIES

### The Plaintiff Publishers

5.      Plaintiff Pearson Education, Inc. ("Pearson") is a Delaware corporation, with its principal place of business at 221 River Street, Hoboken, New Jersey 07030, as well as a location in New York.

6.      Plaintiff Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning ("Macmillan Learning") is a New York limited liability company with its principal place of business at One New York Plaza, New York, New York 10004, and is wholly owned by Macmillan Holdings, LLC, also a New York limited liability company.

7.      Cengage Learning Inc., formerly Thomson Learning Inc. ("Cengage"), is a Delaware corporation, with its principal place of business at 200 Pier Four Boulevard, Boston, Massachusetts 02210, as well as a location in New York.

8.      Plaintiff McGraw Hill LLC ("McGraw Hill") is a Delaware limited liability company, with its principal place of business at 1325 Avenue of the Americas, 12th Floor, New York, New York 10019.

9.      Plaintiff Elsevier Inc. ("Elsevier") is a Delaware corporation, with its principal place of business at 230 Park Avenue, Suite 800, New York, New York 10169.

### The Defendants

10.      Defendant Doe 1 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site abooks.org.  The identity and location of Doe 1 are unknown to Plaintiffs.

11.      Defendant Doe 2 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site airbooks.org.  The identity and location of Doe 2 are unknown to Plaintiffs.

12.      Defendant Doe 3 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site audiobooksbookshop.com.  The identity and location of Doe 3 are unknown to Plaintiffs.

13.      Defendant Doe 4 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site az-testbank.com.  The identity and location of Doe 4 are unknown to Plaintiffs.

14.      Defendant Doe 5 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site buy-test-bank.org.  The identity and location of

Doe 5 are unknown to Plaintiffs.

15.     Defendant Doe 6 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site coursesexams.com.  The identity and location of Doe 6 are unknown to Plaintiffs.

16.     Defendant Doe 7 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Sites downloadaid.com and ebookclear.com.  The identity and location of Doe 7 are unknown to Plaintiffs.

17.     Defendant Doe 8 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site easytaxexam.com.  The identity and location of Doe 8 are unknown to Plaintiffs.

18.     Defendant Doe 9 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site eazyquiz.com.  The identity and location of Doe 9 are unknown to Plaintiffs.

19.     Defendant Doe 10 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site eduworklab.com.  The identity and location of Doe 10 are unknown to Plaintiffs.

20.     Defendant Doe 11 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site findtestbank.com.  The identity and location of Doe 11 are unknown to Plaintiffs.

21.     Defendant Doe 12 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site gloria-solution-manual.com.  The identity and location of Doe 12 are unknown to Plaintiffs.

22.     Defendant Doe 13 is a merchant selling infringing copies of Plaintiffs' test banks,

ISMs, and/or textbooks through its Infringing Site growmygrade.com. The identity and location of Doe 13 are unknown to Plaintiffs.

23. Defendant Doe 14 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site homeworkmerit.com. The identity and location of Doe 14 are unknown to Plaintiffs.

24. Defendant Doe 15 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site ismtestbank.com. The identity and location of Doe 15 are unknown to Plaintiffs.

25. Defendant Doe 16 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site joycebros.com. The identity and location of Doe 16 are unknown to Plaintiffs.

26. Defendant Doe 17 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site lovetestbank.com. The identity and location of Doe 17 are unknown to Plaintiffs.

27. Defendant Doe 18 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site maxoop.com. The identity and location of Doe 18 are unknown to Plaintiffs.

28. Defendant Doe 19 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site nursingtb.com. The identity and location of Doe 19 are unknown to Plaintiffs.

29. Defendant Doe 20 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Sites resourcesforinstructors.com and teachingresourceshub.com. The identity and location of Doe 20 are unknown to Plaintiffs.

30.     Defendant Doe 21 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site solutionexam.com.  The identity and location of Doe 21 are unknown to Plaintiffs.

31.     Defendant Doe 22 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Sites staequiz.com and tbzuiqe.com.  The identity and location of Doe 22 are unknown to Plaintiffs.

32.     Defendant Doe 23 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site students-center.com.  The identity and location of Doe 23 are unknown to Plaintiffs.

33.     Defendant Doe 24 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site teachingresourcesstore.com.  The identity and location of Doe 24 are unknown to Plaintiffs.

34.     Defendant Doe 25 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site test2020bank.com.  The identity and location of Doe 25 are unknown to Plaintiffs.

35.     Defendant Doe 26 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site testandsolution.com.  The identity and location of Doe 26 are unknown to Plaintiffs.

36.     Defendant Doe 27 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site testbankblock.com.  The identity and location of Doe 27 are unknown to Plaintiffs.

37.     Defendant Doe 28 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site testbankexam.com.  The identity and location of

Doe 28 are unknown to Plaintiffs.

38.     Defendant Doe 29 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site testbankrush.com.  The identity and location of Doe 29 are unknown to Plaintiffs.

39.     Defendant Doe 30 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site testbankscore.com.  The identity and location of Doe 30 are unknown to Plaintiffs.

40.     Defendant Doe 31 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site testbanksolutionmanual01.com.  The identity and location of Doe 31 are unknown to Plaintiffs.

41.     Defendant Doe 32 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site testbanksonline.com.  The identity and location of Doe 32 are unknown to Plaintiffs.

42.     Defendant Doe 33 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site testbanksuccess.com.  The identity and location of Doe 33 are unknown to Plaintiffs.

43.     Defendant Doe 34 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site testbanktown.com.  The identity and location of Doe 34 are unknown to Plaintiffs.

44.     Defendant Doe 35 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site testbankworld.blogspot.com.  The identity and location of Doe 35 are unknown to Plaintiffs.

45.     Defendant Doe 36 is a merchant selling infringing copies of Plaintiffs' test banks,

ISMs, and/or textbooks through its Infringing Site testthebank.com. The identity and location of Doe 36 are unknown to Plaintiffs.

46.     Defendant Doe 37 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site thetestbank.org. The identity and location of Doe 37 are unknown to Plaintiffs.

47.     Defendant Doe 38 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site tutorsection.com. The identity and location of Doe 38 are unknown to Plaintiffs.

48.     Defendant Doe 39 is a merchant selling infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks through its Infringing Site varokee.com. The identity and location of Doe 39 are unknown to Plaintiffs.

49.     Once Plaintiffs obtain information as to the Doe Defendants' true identities, Plaintiffs will amend the Complaint to include such individuals or entities as named defendants.

## JURISDICTION AND VENUE

50.     This is an action arising under the Copyright Act, 17 U.S.C. § 101 *et seq*., and the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. As such, the Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121.

51.     The Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. § 302(a)(1) and/or (3). Defendants have transacted business and/or contracted to supply goods in New York and Plaintiffs' claims arise from those activities, and/or Defendants have committed tortious acts of infringement outside of New York causing injury to Plaintiffs in New York. In particular, Defendants sell and offer to sell copies of Plaintiffs' test banks, ISMs, and/or textbooks to consumers in New York, among other states, via highly interactive websites that are continuously

accessible to and target, sell, and/or deliver goods to consumers in New York. Further, through their online businesses, Defendants derive substantial revenue from interstate or international commerce, and Defendants expected or reasonably should have expected their infringing acts to have consequences in New York, where three Plaintiffs have their principal place of business and the other two Plaintiffs have locations. In the alternative to the above, the Court has personal jurisdiction over some or all of the Defendants under Federal Rule of Civil Procedure 4(k).

52.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants conduct, transact, and/or solicit business related to their Infringing Sites in this District, may be found in this District, tortiously injured Plaintiffs in this District, and/or a substantial part of the acts of infringement occurred in this District.

## FACTUAL ALLEGATIONS

### A.     Plaintiffs' Businesses

53.     Plaintiffs are five of the leading educational publishers in the United States. Plaintiffs develop, market, distribute, and sell a wide range of traditional and digital educational content and tools to professionals, educators, and students. Plaintiffs' publications include physical and digital textbooks, as well as online textbooks. These textbooks are widely available in the United States marketplace to consumers for a fee. They are sold through direct sales channels and via legitimate distributors and stores, including through online sales. Plaintiffs' textbooks are among the most popular and widely used titles in their fields.

54.     Plaintiffs also publish test banks and ISMs, which are important supplemental materials to textbooks. Test banks are sets of questions, and, in some instances, corresponding answers, to be used by the professor or instructor who assigned the textbook for his or her course. ISMs are guides that provide answers and solutions to questions contained within the textbook.

Professors and instructors use these supplemental materials to create lesson plans, homework assignments, exams, and/or for grading purposes. When students obtain unauthorized access to these materials, however, the integrity of the educational process is compromised. In addition, the value of the supplemental materials (and, as a result, the textbook adoption itself) is compromised if unauthorized access to these supplemental materials is freely or widely available. Accordingly, to preserve their pedagogical value, these supplemental materials are not generally distributed to the public.

55. Test banks and ISMs are specific to a given textbook or series of textbooks. As such, these supplemental materials are tailored to the pedagogical approach of the works to which they correspond.

56. Test banks and ISMs contain additional protected expression beyond what is in the textbook. For instance, in the way that myriad creative efforts go into creating or selecting questions, whether for inclusion in the textbook or its corresponding test bank, similar protected expression goes into creating the answers and solutions in the test banks and ISMs. Countless decisions are made concerning answer choices, wording, examples, approach, depth, and other substantive details.

57. Plaintiffs publish their works under many trademarks that are well known and highly respected. Plaintiffs' trademarks include a variety of marks, imprints, or brands. Plaintiffs' trademarks and the goodwill of the business associated with them are of tremendous value and have become associated in the public mind with each Plaintiff's reputation for publishing works of the very highest quality. Plaintiffs (and/or their predecessors) have invested decades of effort in building a trusted reputation in the publishing industry, which consumers associate with Plaintiffs, their works, and their trademarks.

### B.  Plaintiffs' Respective Copyrights and Trademarks

58.     Plaintiffs are the copyright owners of, and/or the owners of exclusive rights under copyright in, among many others, their respective works, or derivative works, described on **Exhibit A** ("Plaintiffs' Authentic Works" or "the Authentic Works").  Plaintiffs or their predecessors or affiliates have obtained copyright registrations, duly issued by the United States Copyright Office, covering their respective Authentic Works.  The works described on Exhibit A are a non-exhaustive, representative list of Plaintiffs' Authentic Works, broken down by Infringing Site, that Defendants have unlawfully reproduced and distributed.

59.     Plaintiffs are the owners or the exclusive licensees of, among others, their respective trademarks and/or service marks described on **Exhibit B** ("Plaintiffs' Marks" or "the Marks").  Plaintiffs or their predecessors or affiliates have duly registered on the Principal Register of the United States Patent and Trademark Office their respective Marks.  Plaintiffs' Marks are distinctive and arbitrary and may also be incontestable under 15 U.S.C. § 1065.  Along with the Marks, Plaintiffs publish their works under the valuable and recognizable imprints described on **Exhibit C**.  By way of example:  McGraw Hill's imprints include Irwin, Lange, and McGraw-Hill Higher Education;  Macmillan Learning's imprints include Bedford/St. Martin's, W.H. Freeman & Company, and Worth Publishers; Cengage's imprints include Brooks Cole, Delmar, Heinle, and South-Western Educational Publishing; Elsevier's imprints include Academic Press, Butterworth Heinemann, Mosby, and Saunders; and Pearson's imprints include Addison Wesley, Allyn & Bacon, and Benjamin Cummings.  The trademarks described on Exhibit B, broken down by Defendant, are a non-exhaustive, representative list of Plaintiffs' Marks that Defendants have infringed by using spurious and identical (or substantially indistinguishable) copies of those Marks in connection with the sale, offering for sale, and/or distribution of infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks via their Infringing Sites.

### C.    Defendants' Piracy and the Infringing Sites

60.    Defendants own, control, and/or operate the Infringing Sites, and likely others not yet identified by Plaintiffs, in furtherance of the unlawful conduct alleged herein.  Through the Infringing Sites, Defendants engage in and profit from the sale of unauthorized electronic copies of test banks, ISMs, and/or textbooks in violation of Plaintiffs' intellectual property rights.

61.    The apparent sole objective of Defendants' Infringing businesses is to make money from infringement and cheating.  Defendants are not authorized to reproduce or distribute digital copies of Plaintiffs' works or use Plaintiffs' trademarks for any purpose.  Nonetheless, Defendants have reproduced and distributed Plaintiffs' Authentic Works.  Certain Defendants have also used counterfeits of Plaintiffs' Marks in connection with selling and offering to sell infringing copies of Plaintiffs' works.  Further, Defendants provide copies of Plaintiffs' supplemental teaching and testing materials to students—thereby facilitating and profiting off of cheating.

62.    The Infringing Sites are highly interactive.  Purchasers or prospective purchasers can interact with the Sites, including to communicate with Defendants and complete their transactions.  On the Infringing Sites, visitors can often scroll through or search for listings of the unauthorized digital copies of Plaintiffs' test banks, ISMs, and/or textbooks.  Visitors can typically view information on their catalogues of items to buy, which can be massive, and then move forward with the transaction.  Specifically, for some Sites, visitors can search by keyword, title, author, and/or International Standard Book Number ("ISBN").  Alternatively, for other Sites, visitors can browse titles by subject matter and/or send a request form to Defendants to request the particular title they wish to buy.  In any event, at the touch of a few keystrokes, armed with a credit card or other means of online payment, such as a PayPal or Stripe account, visitors purchase and download unauthorized copies of Plaintiffs' test banks, ISMs, and/or textbooks.

63.    Defendants reproduce Plaintiffs' works without authorization and then store the test

banks, ISMs, and/or textbooks on computers or servers Defendants own or control. In some cases, this is accomplished through the use of third-party cloud storage providers.

64. Defendants' Sites advertise that they deliver digital copies of the test banks, ISMs, and/or textbooks instantly and/or that the files delivered are compatible with any e-reader, tablet, or similar device. Through purchases and downloads from Defendants, including for Plaintiffs' Authentic Works on Exhibit A, Plaintiffs have confirmed that, just as Defendants advertise, they distribute unauthorized electronic copies of Plaintiffs' test banks, ISMs, and/or textbooks.

65. Defendants' Sites typically have individual listings, product pages, or similar advertisements ("Product Pages") for the test banks, ISMs, and/or textbooks that they sell. On some of these Product Pages, Defendants display unauthorized copies of Plaintiffs' registered trademarks. In the case of test banks and ISMs, these may appear, for instance, on a cover image of the corresponding textbook and/or in Defendant's marketing material or description of the product. In addition, the Product Pages are also where some Defendants provide free copies of sample chapters of test banks and/or ISMs that are available, in full form, for purchase on the Sites. Upon a mere mouse-click, such Defendants distribute a copy of the sample to the visitor.

66. While online pirates such as Defendants are notorious for, and adept at, hiding their identities and locations, including switching their service providers to avoid being shut down, Defendants currently utilize the services of a number of intermediaries, including those in the United States, in connection with their infringing activities. In particular, certain Defendants obtain domain name registration services from companies such as GoDaddy and NameCheap; web hosting services from companies such as Google and Amazon Technologies; proxy services from Cloudflare; cloud storage services from companies such as Google and MediaFire; and online advertising services from companies such as Google and Microsoft. Further, Defendants typically

use payment processors, such as PayPal and Stripe, to process payments for the infringing works. Defendants then transfer their ill-gotten proceeds to banks in the United States and abroad.

67.     Some of the Infringing Sites are or appear to be related to each other and/or operated by the same individual or group of individuals.  While pirates often use inaccurate or fictitious contact information to register and operate their websites, certain of the Sites list identical or nearly identical contact information and/or include identical or nearly identical content.

68.     Plaintiffs have obtained copies of Plaintiffs' Authentic Works from the Infringing Sites, through purchases or free samples, including purchases made using a Larchmont, New York address.  Just as Defendants advertise, they provide consumers with digital copies (albeit unauthorized copies) of Plaintiffs' Authentic Works.  Additionally, Plaintiffs have captured evidence of the unauthorized use of their Marks on Product Pages.  These trademark reproductions are identical to or substantially indistinguishable from Plaintiffs' Marks.

### D.     Defendants Willfully Engage in Piracy and Cause Substantial Harm to Plaintiffs.

69.     By the very nature of their illegal businesses, Defendants are well aware of the enormous infringement and cheating that they cause.  Defendants knowingly and intentionally designed and operate businesses devoted to selling pirated copies of Plaintiffs' and other publishers' copyrighted works.  Defendants have done so, and continue to do so, with the full knowledge that they have not been granted any license to copy, distribute, or sell electronic (or other) copies of Plaintiffs' works.  Defendants also know that they are not authorized to use Plaintiffs' trademarks in advertising and selling their goods and services.  And Defendants are fully aware that they encourage cheating.  Defendants shamelessly advertise to students that they are providing access to materials that are not typically available to students.  In other words, they make profit by facilitating cheating, providing the material that professors and instructors will use in preparing exams and

assignments.

70.    Defendants' awareness of the unlawful nature of their business is also demonstrated by Defendants' concerted efforts to conceal their true names and physical locations, which frustrates attempts to stop their unlawful activity.  The Sites do not reveal the true names of those who own, control, or operate them.  Instead, Defendants provide generic email addresses as contacts, which they rely upon to communicate with customers or prospective customers and the intermediaries who service their Sites.  Further, most of the Infringing Sites do not provide physical addresses or, if they do, provide addresses where Defendants cannot be found. Some Defendants also use a proxy service for domain name registration or website hosting services and/or provide materially false information to the domain name registrars.

71.    Defendants have harmed Plaintiffs, including in this District, and are aware, or reasonably should be aware, that they have caused such harm.  The illicit inventories of most Infringing Sites are substantial.  Some Sites advertise hundreds or thousands of pages of test banks, ISMs, and/or textbooks.  Defendants also continue to expand their illegal businesses, including by adding "new arrivals" to the Infringing Sites, which, of course, represent nothing more than additional infringements.

72.    Plaintiffs invested significant monies to publish their works.  Plaintiffs make substantial investments, for example, in content creation and in promotion of their copyrighted works published under their trademarks.  Plaintiffs would suffer serious financial injury if their copyrights and trademarks were not enforced. Defendants' actions described herein benefit Defendants' alone, for their commercial purposes and gain.  As a result of Defendants' actions, wholesale, unauthorized copies of Plaintiffs' test banks, ISMs, and/or textbooks are distributed with no way to prevent their viral downstream dissemination.  Defendants' infringing activity steals the

fruits of Plaintiffs' and their authors' creative efforts and monetary investments and diminishes interest among teaching professionals to use the associated textbooks for their classes. A substantial decline in their income could cause Plaintiffs to cease publishing one or more deserving books. This would adversely impact the creation of new works, scholarly endeavors, and the education of students in the United States.

73.     Critically, Defendants' sales of test banks and/or ISMs also corrupt the educational process by facilitating and encouraging cheating. Students who cheat to obtain better grades instead of studying and asking questions are depriving themselves of valuable learning, taking unfair advantage of students who do not cheat, and depriving their professors or instructors of valuable feedback. Cheating can also lead to unqualified students entering in the workforce. Moreover, when the utility and value of Plaintiffs' test banks and/or ISMs are diminished, even greater demands are placed on educators, causing them to re-invent the wheel and cutting into valuable time that could be used to otherwise enhance the educational experience. As Plaintiffs' supplemental materials comprise a key part of the educational process, when they are copied and distributed without authorization, the result is harm to Plaintiffs' reputations in the educational communities they serve, as well as harm to the general public.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. § 101 *et seq.*)

74.     Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-73 as though set forth fully herein.

75.     Plaintiffs' Authentic Works listed on Exhibit A constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or their predecessors or affiliates) by the United States Copyright Office.

Each registration is either within three months of publication or pre-dates commencement of the infringement complained of herein. At all relevant times, Plaintiffs have been and still are the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in such works, which have never been assigned, licensed, or otherwise transferred to Defendants.

76.     Defendants, without the permission of Plaintiffs, and with knowledge of Plaintiffs' copyrights, have reproduced the Authentic Works and distributed to the public unauthorized copies of the Authentic Works. Such reproduction and distribution constitute infringement of Plaintiffs' exclusive rights under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1) and 106(3).

77.     The infringement of Plaintiffs' rights in each of their respective copyrighted works constitutes a separate and distinct act of infringement.

78.     Defendants' unlawful conduct, as set forth above, was willful. Defendants had actual and/or constructive knowledge that their conduct was unlawful and in violation of Plaintiffs' copyrights. Defendants acted intentionally and in reckless disregard of Plaintiffs' copyrights.

79.     As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

80.     Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## SECOND CLAIM FOR RELIEF

**Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)**

81.    Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-73 as though set forth fully herein.

82.    At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective Marks listed on Exhibit B, which are valid and protectable trademarks that are registered with the United States Patent and Trademark Office.

83.    Defendants identified on Exhibit B have infringed Plaintiffs' federally registered Marks through their use in commerce, without Plaintiffs' consent, of a reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks in connection with the sale, offering for sale, distribution, and/or advertising of Plaintiffs' works, and such use is likely to cause confusion, to cause mistake, and/or deceive the consuming public.

84.    The spurious, counterfeit marks on the test banks, ISMs, and/or textbooks that Defendants have distributed, or that appear on Product Pages or other advertisements through which Defendants have offered to sell unauthorized copies of Plaintiffs' works, are identical to and/or substantially indistinguishable from Plaintiffs' Marks.

85.    Defendants have acted intentionally and in reckless disregard of Plaintiffs' trademark rights.  Defendants are intentionally using Plaintiffs' Marks in Defendants' advertising or marketing, or on the goods that Defendants distribute or services they provide, thus infringing upon Plaintiffs' trademark rights in order to further their own business enterprises.

86.    Defendants' unlawful conduct, as set forth above, was willful.  Defendants had actual and/or constructive knowledge that their conduct was unlawful and would cause confusion, mistake, or deception.

87.     As a result of Defendants' unlawful conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

88.     Defendants' infringement and counterfeiting of Plaintiffs' Marks, as described above, has caused and will continue to cause irreparable injury to Plaintiffs, including to their reputations, and to the goodwill of the Marks, for which Plaintiffs have no adequate remedy at law. Unless this Court restrains Defendants from continuing their infringing activities, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## PRAYER FOR RELIEF

By reason of the facts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

1.     Judgment on the claims set forth above, including that Defendants' infringement of Plaintiffs' Authentic Works and Plaintiffs' Marks identified on Exhibits A and B, including as they may be amended, was intentional and willful.

2.     An accounting or disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of infringing copies of Plaintiffs' works with documents relating to all such purchases and sales;

89.     An order enjoining Defendants and other appropriate persons or entities under 17 U.S.C. § 502 and Federal Rule of Civil Procedure 65(d) from further infringing and facilitating infringement upon Plaintiffs' respective copyrights;

3.     An order enjoining Defendants and other appropriate persons or entities under 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65(d) from further infringing and facilitating

infringement upon Plaintiffs' respective trademarks;

4.      Pursuant to 17 U.S.C. § 502, 15 U.S.C. § 1116, this Court's inherent authority, or otherwise, an order seizing the domain names associated with Defendants' Infringing Sites, and additional infringing websites owned, controlled, and/or operated by Defendants, and turning them over to Plaintiffs;

5.      An order requiring Defendants to deliver up for destruction all products, packaging, labels, literature, advertising, infringing ISM, test bank and textbook files (and all derivative works thereof), all devices by means of which such infringing ISMs, test banks, and textbooks have been created, and other material bearing imitations, including confusingly similar variations, of Plaintiffs' respective copyrights and trademarks pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

6.      An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' infringement of Plaintiffs' copyrights, as alleged above, including Plaintiffs' actual damages and Defendants' profits, or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

7.      An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' infringement and counterfeiting of Plaintiffs' trademarks, as alleged above, including treble damages for use of a counterfeit mark (Plaintiffs' actual damages or Defendants' profits, whichever is greater), or statutory damages, at Plaintiffs' election, pursuant to 15 U.S.C. § 1117;

8.      Prejudgment and post-judgment interest at the applicable rate;

9.      Plaintiffs' attorneys' fees, expenses, and costs of suit; and

10.     Such other and further relief the Court deems proper.

## JURY TRIAL DEMAND

Plaintiffs hereby request a trial by jury.

DATED:  April 20, 2021                 Respectfully submitted,

_____
Matthew I. Fleischman

Matthew J. Oppenheim
Michele H. Murphy (*pro hac vice application to be filed*)
Matthew I. Fleischman
Danae Tinelli (*pro hac vice application to be filed*)

OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Tel:  (202) 480-2999
matt@oandzlaw.com
michele@oandzlaw.com
fleischman@oandzlaw.com
danae@oandzlaw.com

*Attorneys for Plaintiffs*