

Michele H. Murphy
4530 Wisconsin Avenue, N.W. | 5th Floor
Washington, DC  20016
T: (202) 450.56343 | F: (866) 766.1678
michele@oandzlaw.com | oandzlaw.com

June 20, 2022

**VIA ECF**

The Honorable Ronnie Abrams
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

    **Re:**    *Pearson Education, Inc. et al. v. Mustapha Najji et al.*
              S.D.N.Y. Case No. 21-CV-3486 RA

Dear Judge Abrams:

    We represent Plaintiffs Pearson Education, Inc., Elsevier Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., and McGraw Hill LLC ("Plaintiffs") in the above-referenced action. In accordance with Standing Order 19-mc-00583, Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, and Section 5(A)(iii) of the Court's Individual Rules & Practices in Civil Cases, Plaintiffs seek leave to file under seal Appendix D to Plaintiffs' Proposed Default Judgment, Permanent Injunction, and Post-Judgment Relief Order ("Sealed Appendix"). Appendix D includes a list of Defendants' financial accounts with respect to which Plaintiffs seek relief in connection with this default judgment and permanent injunction. Plaintiffs will file a redacted version of the Sealed Appendix on ECF, which will include all of the contents except the full financial account numbers.

    Plaintiffs seek to include the full financial account numbers in the Sealed Appendix to ensure that the Default Judgment, Permanent Injunction, and Post-Judgment Relief Order ("Order"), if granted, contains complete information. Plaintiffs also need to be able to provide the full account numbers to the relevant financial institutions when providing notice of the Order so that the financial institutions can locate the account(s). Plaintiffs' approach is consistent with Federal Rule of Civil Procedure Rule 5.2(a)(4), which mandates that, unless the Court orders otherwise, financial account numbers should be redacted to contain only the "last four digits of the financial-account number." Fed. R. Civ. P. 5.2(a)(4).

Hon. Ronnie Abrams<br>
June 20, 2022<br>
Page 2 of 2

  Based on the above, the continuum that the Court applies, and the balancing of interests, Plaintiffs have overcome the presumption of a public filing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Indeed, the only information that will be withheld from the public consists of the Defendants' financial account numbers. This, by its nature, is private information as to the account holder, and is not the type of information that, if sealed, will impact the judicial process or deprive the public of needed information. *See id.*

  Plaintiffs are aware that, absent an order granting this sealing request, the Sealed Appendix will become public.

  Thank you for the Court's consideration of this request.

Sincerely,<br><br>
*/s/ Michele H. Murphy*<br><br>
Michele H. Murphy

Application granted.

SO ORDERED.

_____
Hon. Ronnie Abrams
06/21/2022