**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

PEARSON EDUCATION, INC., ELSEVIER INC.,
BEDFORD, FREEMAN & WORTH PUBLISHING
GROUP, LLC d/b/a MACMILLAN LEARNING,
CENGAGE LEARNING, INC., and MCGRAW
HILL LLC.,

        Plaintiffs,

    v.

MUSTAPHA NAJJI, ZAHRAT AL TAIF D/B/A
GOODS WHOLESALERS LL, ABDERRAHMANE
LASRI, AHMED ALI, ALI SAMY,
ID TNAINE ABDELLAH, SAID OUAKRIM, SYED
ATIF RAZA, SYED HUSSAIN, ABIDA IMRAN,
MUHAMMAD SHEHZAD QAMMAR, YI SHI,
 MANH CUONG CAN, THU DUC NGUYEN, HOA
MY HOANG, HOANG ANH THI LAN, NGUYEN
KIEN VIET, PHUC DUONG NGUYEN, THOM
THI BUI, TRANG THI TRAN, TUAN DUONG
ANH, FAISAL MAJID, KHALID IBRAHIM, ABD
RAHIM BIN KARIM, AHMA SYAHIR,
ALEJANDRO VERA, MOHAMMAD SAMEED
UBAIR KHAN ABBASI, FARAH MAQSOOD,
MUHAMMAD HAMZA AFZAL, NOUMAN
MALIK, SYED HASNAIN RAZA, ANJUM
AKHTER, DUNG VUONG, HAROON MANSHA,
NGUYEN HAI LONG, NHAT DUONG DUC,
SHERRY SANDERS, KIEN QUYET TRAN,
FAROUQ JABRI, RAMYA MANI, HENRY
JOHNSON, PAVEL GALKIN, IRINA
DZHAVAKYANTS, HUONG THI THU NGUYEN,
MIKE WALLACE, AN NGUYEN HOANG THIEN,
JONGHO KU, HAMMAD YOUSAF, DOE 24
D/B/A TEACHINGRESOURCESSTORE.COM, and
DOE 31 D/B/A
TESTBANKSOLUTIONMANUAL01.COM,

        Defendants.

---

**Case No. 21-cv-3486-RA**

~~[PROPOSED]~~ **DEFAULT JUDGMENT,**
**PERMANENT INJUNCTION, AND**
**POST-JUDGMENT RELIEF ORDER**

RONNIE ABRAMS, United States District Judge:

Plaintiffs Pearson Education, Inc. ("Pearson"), Elsevier Inc. ("Elsevier"), Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning ("Macmillan Learning"), Cengage Learning, Inc. ("Cengage"), and McGraw Hill LLC ("McGraw Hill," and collectively, "Plaintiffs") initiated this action on April 20, 2021 against Doe Defendants.  *See* Compl., ECF No. 13.  At the same time that they filed the Complaint, Plaintiffs filed an *Ex Parte* Application for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Issue, Expedited Discovery Order, and Alternate Service Order, which the Court granted on April 22, 2021 ("*Ex Parte* Order").  *See Ex Parte* Order, ECF No. 28.  Pursuant to the *Ex Parte* Order, Plaintiffs served the Doe Defendants by email with the original Complaint, Summons, *Ex Parte* Order, and their moving papers.  *See* Decl. of Service, ECF No. 40.  On May 19, 2021, the Court issued a Preliminary Injunction.  *See* Prelim. Inj., ECF No. 32.  After conducting expedited discovery, Plaintiffs filed the Amended Complaint on December 9, 2021, naming Defendants Mustapha Najji, Zahrat Al Taif d/b/a Goods Wholesalers LL, Abderrahmane Lasri, Ahmed Ali, Ali Samy, Id Tnaine Abdellah, Said Ouakrim, Syed Atif Raza, Syed Hussain, Abida Imran, Muhammad Shehzad Qammar, Yi Shi, Manh Cuong Can, Thu Duc Nguyen, Hoa My Hoang, Hoang Anh Thi Lan, Nguyen Kien Viet, Phuc Duong Nguyen, Thom Thi Bui, Trang Thi Tran, Tuan Duong Anh, Faisal Majid, Khalid Ibrahim, Abd Rahim Bin Karim, Ahma Syahir, Alejandro Vera, Mohammad Sameed Ubair Khan Abbasi, Farah Maqsood, Muhammad Hamza Afzal, Nouman Malik, Syed Hasnain Raza, Anjum Akhter, Dung Vuong, Haroon Mansha, Nguyen Hai Long, Nhat Duong Duc, Sherry Sanders, Kien Quyet Tran, Farouq Jabri, Ramya Mani, Henry Johnson, Pavel Galkin, Irina Dzhavakyants, Huong Thi Thu Nguyen, Mike Wallace, An Nguyen Hoang Thien, Jongho Ku, Hammad Yousaf, Doe 24 d/b/a teachingresourcestore.com, and Doe

31 d/b/a testbanksolutionmanual01.com, as further identified and described in Appendix A hereto (collectively, "Defendants"). *See* Am. Compl., ECF No. 59. On December 9, 2021, Plaintiffs served the Amended Complaint and Summons on Defendants by email pursuant to the Court's November 22, 2021 Alternate Service Order (ECF No. 57), other than with respect to Defendant Sanders, who was personally served on December 11, 2021. *See* Decl. of Service, ECF No. 64; Affid. of Service, ECF No. 65. No Defendant filed an Answer or otherwise responded to the Complaint or the Amended Complaint.

On January 10 and 27, 2022, the Clerk of Court issued Certificates of Default as to all Defendants. *See* Certificates of Default, ECF Nos. 72, 77.

On June 17, 2022, Plaintiffs submitted a memorandum of law and an attorney declaration with supporting exhibits in support of their motion for a default judgment, a permanent injunction, and post-judgment relief against Defendants ("Motion").

Having reviewed the Amended Complaint, Plaintiffs' papers filed in support of the Motion, and the entire record herein, and assuming the factual allegations in the Amended Complaint to be true given Defendants' default, *see Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011), the Court HEREBY FINDS that:

A.     Plaintiffs are leading educational publishers. Plaintiffs' publications include physical and digital textbooks that are widely available in the United States marketplace to consumers and sold through direct sales channels and legitimate distributors and stores, including through online sales.

B.     Plaintiffs also publish test banks and instructor solutions manuals ("ISMs") as supplemental materials to their textbooks that provide questions, answers, and solutions for professors' and instructors' use and comprise a key part of the assessment process in higher education.

C.      Defendants own, control, and/or operate websites through which they have infringed Plaintiffs' federally registered copyrights in Plaintiffs' textbooks, test banks, and/or ISMs and/or federally registered trademarks ("Infringing Sites").  Such currently known Infringing Sites are identified in Appendix A hereto.  Appendix A also lists Defendants' names, "Group" numbers, if applicable, aliases, and email addresses identified by Plaintiffs through discovery.  The Defendants within each Group in Groups 1 through 10, as identified in Appendix A, jointly operate their respective Infringing Sites and, therefore, are jointly and severally liable to Plaintiffs as set forth herein.

D.      Defendants have been properly served in this action with the Complaint, the Amended Complaint, and the Summonses.

E.      Because Defendants have not filed Answers, otherwise responded to the Complaint or the Amended Complaint, or otherwise appeared in this action, the Clerk of Court entered default against Defendants on January 10 and 27, 2022.

F.      The Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. §§ 302(a)(1) and/or (3).

G.      Plaintiffs own or exclusively control the rights in copyright in and to their respective federally registered copyrighted works described in Appendix B hereto ("Plaintiffs' Authentic Works").

H.      Plaintiffs Cengage and McGraw Hill, who seek damages on default for trademark counterfeiting, are the registrants, pursuant to 15 U.S.C. § 1127, of their respective federally registered trademarks described in Appendix B.

I.      Defendants have willfully infringed Plaintiffs' copyrights in Plaintiffs' Authentic Works in connection with Defendants' knowing reproduction and/or distribution of unauthorized

electronic copies thereof.  Defendants are liable for willful copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and have caused Plaintiffs irreparable harm.

J.      Certain Defendants, as set forth in Appendix B, have willfully infringed Cengage's and McGraw Hill's trademarks by knowingly using in commerce, without authorization, identical or substantially indistinguishable reproductions thereof in connection with the sale, offering for sale, distribution, and/or advertising of infringing copies of Authentic Works.  Defendants are liable for willful trademark counterfeiting under the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1127, and have caused Plaintiffs irreparable harm.

K.      As a result of Defendants' unlawful conduct, Plaintiffs are entitled to the entry of a default judgment and permanent injunction against Defendants as set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED, in accordance with Federal Rule of Civil Procedure 65(d), the Copyright Act, and the Lanham Act, that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Order, are permanently enjoined from directly or indirectly: (1) infringing the copyrights owned or exclusively controlled by any of the Plaintiffs, or any parent, subsidiary, or affiliate of a Plaintiff ("Plaintiffs' Copyrights"), including any copyrighted work published under any of the imprints identified in Appendix C hereto (the "Imprints"); and (2) infringing the trademarks of which any of the Plaintiffs, or any parent, subsidiary, or affiliate of a Plaintiff, is the registrant ("Plaintiffs' Marks"), including such trademarks associated with the Imprints.[1]

Without limiting the foregoing, IT IS FURTHER ORDERED that Defendants, their

---

[1] With respect to Macmillan Learning, the above provisions do not include its affiliates and its parents other than its immediate parent company.

officers, agents, servants, employees, and attorneys, and all those in active concert or participation

with any of them, who receive actual notice of this Order, are permanently enjoined from engaging

in any of the following acts:

1) Copying, reproducing, manufacturing, importing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, promoting, or otherwise exploiting any of Plaintiffs' Copyrights without Plaintiffs' express written authorization; or enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to engage in such activities;

2) Copying or reproducing Plaintiffs' Marks, using Plaintiffs' Marks in connection with manufacturing, importing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, or promoting goods or services, or otherwise exploiting Plaintiffs' Marks, without Plaintiffs' express written authorization; or enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to engage in such activities; and

3) Using, hosting, operating, maintaining, creating, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, search engine, social media platform, payment processing, or financial service to infringe or to enable, facilitate, permit, assist, solicit, encourage, or induce the infringement of Plaintiffs' Copyrights or Plaintiffs' Marks.

IT IS FURTHER ORDERED that the stay to enforce a judgment pursuant to Federal Rule

of Civil Procedure 62(a) is hereby dissolved, and Plaintiffs may immediately enforce the judgment

set forth herein.

IT IS FURTHER ORDERED that, pursuant to the Copyright Act, Federal Rules of Civil

Procedure 64, 65, and/or 69, and/or this Court's inherent equitable powers and its power to coerce

compliance with its lawful orders, Defendants and banks, payment processing companies, savings

and loan associations, credit card companies, credit card processing agencies, merchant acquiring

banks, and other companies or agencies that engage in the processing or transfer of money or other

financial assets ("Financial Institutions") shall continue to cease transferring, withdrawing, or

otherwise disposing of any money or other assets in currently restrained accounts holding or

receiving money or other assets of Defendants' pursuant to the Amended Preliminary Injunction, including those accounts specified in Appendix D hereto ("Defendants' Accounts"), or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of,  until such time as damages are awarded and the judgment is satisfied with respect to the relevant Defendant(s).

IT IS FURTHER ORDERED that, pursuant to the Copyright Act, Federal Rule of Civil Procedure 65(d), and/or this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, within ten (10) business days following actual notice of this Order, the registries and/or the individual registrars shall transfer the domain names of all active Infringing Sites, as listed in Appendix A, to the ownership and control of Plaintiffs, through the registrar of Plaintiffs' choosing, or, at Plaintiffs' direction, release such domain names.

IT IS FURTHER ORDERED that, pursuant to the Copyright Act, Federal Rule of Civil Procedure 65(d), and/or the Court's inherent equitable powers and its power to coerce compliance with its lawful orders, and due to Defendants' ongoing operation of their infringing activities, in the event Plaintiffs identify any additional Infringing Sites registered to or operated by any Defendant and used in conjunction with the reproduction or distribution of works protected by Plaintiffs' Copyrights ("New Infringing Sites"), the registries and/or the individual registrars of such New Infringing Sites shall transfer the domain names thereof to the ownership and control of Plaintiffs, through the registrar of Plaintiffs' choosing, or, at Plaintiffs' direction, release such domains, within ten (10) business days following actual notice of this Order and the receipt of information provided by Plaintiffs that demonstrates to the registries and/or the individual registrars that the domains constitute New Infringing Sites as described herein.

IT IS FURTHER ORDERED that Defendants shall deliver to Plaintiffs for destruction all

electronic copies of Plaintiffs' Authentic Works, or derivative works thereof, that Defendants have in their possession, custody, or control, and all devices by means of which such copies have been created, pursuant to 17 U.S.C. § 503.

IT IS FURTHER ORDERED that the Clerk of Court is hereby directed to release the $5,000 cash bond, posted in accordance with the *Ex Parte* Order, to Plaintiffs by sending it to their attorneys of record, Oppenheim + Zebrak, LLP, at 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

DEFAULT JUDGMENT is hereby entered in favor of Plaintiffs against Defendants Mustapha Najji, Zahrat Al Taif d/b/a Goods Wholesalers LL, Abderrahmane Lasri, Ahmed Ali, Ali Samy, Id Tnaine Abdellah, Said Ouakrim, Syed Atif Raza, Syed Hussain, Abida Imran, Muhammad Shehzad Qammar, Yi Shi, Manh Cuong Can, Thu Duc Nguyen, Hoa My Hoang, Hoang Anh Thi Lan, Nguyen Kien Viet, Phuc Duong Nguyen, Thom Thi Bui, Trang Thi Tran, Tuan Duong Anh, Faisal Majid, Khalid Ibrahim, Abd Rahim Bin Karim, Ahma Syahir, Alejandro Vera, Mohammad Sameed Ubair Khan Abbasi, Farah Maqsood, Muhammad Hamza Afzal, Nouman Malik, Syed Hasnain Raza, Anjum Akhter, Dung Vuong, Haroon Mansha, Nguyen Hai Long, Nhat Duong Duc, Sherry Sanders, Kien Quyet Tran, Farouq Jabri, Ramya Mani, Henry Johnson, Pavel Galkin, Irina Dzhavakyants, Huong Thi Thu Nguyen, Mike Wallace, An Nguyen Hoang Thien, Jongho Ku, Hammad Yousaf, Doe 24 d/b/a teachingresourcesstore.com, and Doe 31 d/b/a testbanksolutionmanual01.com.   The matter has been referred to Magistrate Judge Netburn for an inquest into damages.

SO ORDERED this  5th  day of  January, 2023     .

_____
HON. RONNIE ABRAMS
United States District Judge