UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC., ELSEVIER INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., and MCGRAW HILL LLC,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>MUSTAPHA NAJJI, ZAHRAT AL TAIF d/b/a GOODS WHOLESALERS LL, ABDERRAHMANE LASRI, AHMED ALI, ALI SAMY, ID TNAINE ABDELLAH, SAID OUAKRIM, SYED ATIF RAZA, SYED HUSSAIN, ABIDA IMRAN, MUHAMMAD SHEHZAD QAMMAR, YI SHI, MANH CUONG CAN, THU DUC NGUYEN, HOA MY HOANG, HOANG ANH THI LAN, NGUYEN KIEN VIET, PHUC DUONG NGUYEN, THOM THI BUI, TRANG THI TRAN, TUAN DUONG ANH, FAISAL MAJID, KHALID IBRAHIM, ABD RAHIM BIN KARIM, AHMA SYAHIR, ALEJANDRO VERA, MOHAMMAD SAMEED UBAIR KHAN ABBASI, FARAH MAQSOOD, MUHAMMAD HAMZA AFZAL, NOUMAN MALIK, SYED HASNAIN RAZA, ANJUM AKHTER, DUNG VUONG, HAROON MANSHA, NGUYEN HAI LONG, NHAT DUONG DUC, SHERRY SANDERS, KIEN QUYET TRAN, FAROUQ JABRI, RAMYA MANI, HENRY JOHNSON, PAVEL GALKIN, IRINA DZHAVAKYANTS, HUONG THI THU NGUYEN, MIKE WALLACE, AN NGUYEN HOANG THIEN, JONGHO KU, HAMMAD YOUSAF, DOE 24 d/b/a TEACHINGRESOURCESTORE.COM, and DOE 31 d/b/a TESTBANKSOLUTIONMANUAL01.COM,<br><br>                              Defendants. | 21-CV-3486 (RA)<br><br>ORDER ADOPTING REPORT & RECOMMENDATION |

RONNIE ABRAMS, United States District Judge:

Plaintiffs in this action are five of the leading educational publishers in the United States: Pearson Education; Elsevier Inc.; Bedford, Freeman & Worth Publishing Group; LLC d/b/a Macmillan Learning; Cengage Learning, Inc.; and McGraw Hill LLC. Proposed Findings of Fact and Conclusions of Law ¶ 1, Dkt., 99. Defendants own and operate websites that offered for sale and sold unauthorized copies and counterfeits of Plaintiffs' products. *Id.* ¶¶ 22–23. On April 20, 2021, Plaintiffs brought this action for copyright infringement under 17 U.S.C. § 501(a) and trademark infringement and counterfeiting under 15 U.S.C. § 1114. Dkts. 2, 13. After Defendants failed to answer or formally appear, Plaintiffs moved for default judgment on June 20, 2022. Dkt. 83. The Court granted Plaintiffs' default motion on December 14, 2022, Dkt. 92, and referred the case to Magistrate Judge Netburn for an inquest into damages, Dkt. 93. On February 13, 2024, Judge Netburn issued a report and recommendation (the "Report"), Dkt. 105, to which no party has filed an objection.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "To accept those portions of the report to which no timely objection has been made . . . a district court need only satisfy itself that there is no clear error on the face of the record." *Razzoli v. Federal Bureau of Prisons*, No. 12-CV-3774 (LAP) (KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (quotation marks omitted). "A magistrate judge's decision is clearly erroneous only if the district court is left with the definite and firm conviction that a mistake has been committed." *Philippeaux v. Entin*, No. 19-CV-2205 (RA), 2020 WL

2

563903, at *1 (S.D.N.Y. Feb. 5, 2020) (quotation marks omitted). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009).

As no objections to Judge Netburn's report were filed, the Court reviews the Report for clear error. After careful consideration of the record, the Court finds no clear error and thus adopts the thorough and well-reasoned Report in its entirety. Accordingly, Plaintiffs Cengage and McGraw Hill are awarded $1,000,000 in statutory damages per relevant Defendant or Defendant Group and counterfeited mark, and all Plaintiffs are awarded $150,000 in statutory damages per Defendant or Defendant Group and copyright infringed, as set forth in Exhibit 4 to the Inquest Attorney Declaration, Dkt. 99-5, plus applicable post-judgment interest.[1]

The Clerk of Court is respectfully directed to enter judgment for Plaintiffs and close this case.

SO ORDERED.

Dated:   September 30, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[1] Given the large number of Defendants, the Inquest Attorney Declaration, Dkt. 99-5, groups Defendants as follows: Mustapha Najji and Zahrat Al Taif d/b/a Goods Wholesalers LL ("Group 1"); Abderrahmane Lasri, Ahmed Ali, Ali Samy, Id Tnaine Abdellah, Said Ouakrim, Syed Atif Raza, and Syed Hussain ("Group 2"); Abida Imran, Muhammad Shehzad Qammar, and Yi Shi ("Group 3"); Manh Cuong Can and Thu Duc Nguyen ("Group 4"); Hoa My Hoang, Hoang Anh Thi Lan, Nguyen Kien Viet, Phuc Duong Nguyen, Thom Thi Bui, Trang Thi Tran, and Tuan Duong Anh ("Group 5"); Faisal Majid and Khalid Ibrahim ("Group 6"); Abd Rahim Bin Karim and Ahma Syahir ("Group 7"); Alejandro Vera and Mohammad Sameed Ubair Khan Abbasi ("Group 8"); Farah Maqsood, Muhammad Hamza Afzal, Nouman Malik, and Syed Hasnain Raza ("Group 9"); and Anjum Akhter, Dung Vuong, Haroon Mansha, Nguyen Hai Long, Nhat Duong Duc, and Sherry Sanders ("Group 10"). *See* Report at 2–3. The following Defendants are addressed individually: Kien Quyet Tran, Farouq Jabri, Ramya Mani, Henry Johnson, Pavel Galkin, Irina Dzhavakyants, Huong Thi Thu Nguyen, Mike Wallace, An Nguyen Hoang Thien, Jongho Ku, Hammad Yousaf, Doe 24 d/b/a teachingresourcesstore.com, and Doe 31 d/b/a testbanksolutionmanual01.com. *See id.*